**STATE of Maine**

**v.**

**Bruce PINARD.**

Supreme Judicial Court of Maine.

Argued April 29, 1986.

Decided Aug. 26, 1986.

Janet T. Mills, Dist. Atty., Kevin J. Regan (orally), Asst. Dist. Atty., Auburn, for plaintiff.

Berman, Simmons & Goldberg, P.A., Jennifer Nichols Ferguson (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK, JJ., and VIOLETTE, A.R.J.*

---

* VIOLETTE, A.R.J., sat at oral argument as Associate Justice, but retired prior to the preparation of this opinion. He has joined in the opinion as an Active Retired Justice.

NICHOLS, Justice.

The Defendant, Bruce Pinard, appeals from his conviction in Superior Court, Androscoggin County, after entering a conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2), to several counts of burglary, theft, criminal mischief, and attempted theft. The Defendant asserts that certain factual findings of the Superior Court are clearly erroneous and therefore do not support the denial of his motion to suppress. He further contends that the Superior Court erred in concluding the Defendant's confession was voluntary.

Finding no clear error in the factual findings of the Superior Court and finding rational support for the conclusion as to voluntariness, we affirm the judgment of conviction.

The Defendant's arrest came in the early morning on December 22, 1984, after a two-hour foot chase in a snowstorm following a break some two hours earlier into Yvon's Track and Trail, in Lewiston. Upon arrest the Defendant was taken to the Lewiston Police Department, and there, after he was read the *Miranda* warnings, he was questioned by three police officers. The Defendant declined to talk to two of the officers but agreed to speak alone with Sergeant Hamel. To Sergeant Hamel the Defendant acknowledged his participation in the recent burglary, but refused to discuss his participation in other burglaries in the area.

Three hours later the Defendant was transferred to the Androscoggin County Jail. The Defendant was again read the *Miranda* warnings and questioned by Sergeants Hamel and Lajoie regarding his participation in the Lewiston burglary and two other burglaries in Auburn. The Defendant cut off questioning shortly after it began but he was told by Sergeant Lajoie to call him if he should wish to talk further.

Around noon that day the Defendant summoned Sergeant Lajoie; then, after again having been read the *Miranda* warnings, answered Sergeant Lajoie's questions concerning a list of burglaries, giving him both oral and written statements. Now the Defendant contends those confessions were elicited in return for a promise from Sergeant Lajoie to get his bail lowered. The Defendant's bail was in fact reduced from $500 or $10,000 with surety to $100 and he was released on bail that afternoon.

Subsequently the Defendant moved in Superior Court to suppress both the written and oral statements on the grounds that they were involuntarily made; that motion was denied. Following the denial of his motion to suppress the Defendant entered a conditional guilty plea. He was sentenced, and after sentence he filed this appeal.

■ The Defendant first challenges the Superior Court's findings of fact, arguing that it misinterpreted certain statements made by the Defendant at the hearing on the motion to suppress. The Defendant argues the Superior Court erred in interpreting his statement to the effect that he "was sorry for what he had done" as referring to the crimes charged rather than to his confession and in interpreting his statements that "he just wanted it off his back" and he "just wanted to get it over with" as indicating he confessed out of a desire to relieve his conscience. Upon review of the record we conclude that the interpretation of these statements by the Superior Court was not clearly erroneous. Indeed, even if we accept the Defendant's claim that he meant he was sorry he confessed rather than he was sorry he committed the crimes, the circumstance that the Defendant was sorry he confessed after he did so does not make the confession any less voluntary.

The Defendant also argues that his confession was the result of improper influence exerted by the police and that because of his physical infirmities his confession was not the result of his exercising his own free will and rational intellect.

Under Article I, section 6, of the Maine Constitution, as interpreted in *State v. Collins,* 297 A.2d 620 (Me.1972), the State has the burden to prove beyond a reasonable

doubt that a defendant's statements were voluntary in order for them to be admissible. However, the motion justice's determination of voluntariness will not be disturbed on appeal if there is evidence providing rational support for that justice's conclusion. *State v. Caouette*, 446 A.2d 1120, 1124 (Me.1982).

■ There is, to be sure, some evidence that suggests the Defendant may have been tired, distressed, and uncomfortable at the time he made his statements; nevertheless, the whole record does not compel a conclusion that there was a reasonable doubt as to voluntariness. Therefore, we reject that basis for his appeal.

■ Addressing the Defendant's allegations of improper influence, we note that the testimony is conflicting as to whether Sergeant Lajoie made any promises to the Defendant with regard to lowering his bail. The Defendant testified that such a promise had been made; Sergeant Hamel recalled discussing the possibility of lowering the Defendant's bail with Sergeant Lajoie in the Defendant's presence; Sergeant Lajoie had no recollection of discussing lowering bail. Moreover, the bail commissioner stated he lowered the Defendant's bail on the basis of his own investigation. Thus, a conclusion as to whether any such promise was made depended largely on the credibility the factfinder attached to the statements of the several witnesses. Here that determination was adverse to the Defendant. Our review of the record convinces us that the remainder of Sergeant Lajoie's statements, claimed by the Defendant to have been promises of leniency, could be found by the motion justice to be no more than permissible "exhortations to tell the truth."

In sum, we conclude that there is rational support in the record for the Superior Court's conclusion that the Defendant's confession was voluntarily made.

The Defendant has raised no other issue that merits discussion here.

The entry will be:

Judgment affirmed.

All concurring.